*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-0748**

State of Minnesota,
Respondent,

vs.

Wayne Deante Akis,
Appellant.

**Filed April 13, 2015
Affirmed
Stauber, Judge**

Ramsey County District Court
File No. 62-CR-13-4756

Lori Swanson, Attorney General, St. Paul, Minnesota; and

John J. Choi, Ramsey County Attorney, Adam E. Petras, Assistant County Attorney, St. Paul, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Rachel F. Bond, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Stauber, Presiding Judge; Schellhas, Judge; and Connolly, Judge.

## UNPUBLISHED OPINION

**STAUBER**, Judge

A jury found appellant guilty of aiding and abetting first-degree aggravated robbery and possession of a firearm by an ineligible person. He contends that he is

entitled to a new trial because hearsay was admitted that does not fall under an exception to the hearsay rule and because the hearsay was prejudicial. Because the admission of the challenged trial testimony was not error and appellant's pro se arguments are without merit, we affirm.

## FACTS

C.G. reported to police that he was robbed at gunpoint by two males during an early-morning meeting in St. Paul that was intended to be a drug deal. According to C.G., a vehicle arrived at the meeting location with appellant Wayne Deante Akis as the driver and D.K. and A.J. as passengers. C.G. also told police that when he refused to go through with the drug deal, D.K. pointed a handgun at him and took his money while Akis searched his vehicle. C.G. claimed that Akis then drove away, that he followed in his vehicle, and that Akis pointed the handgun at him as he was following.

Akis was charged with aiding and abetting first-degree aggravated robbery and possession of a firearm by an ineligible person. During the jury trial, A.J., a juvenile, testified that Akis and D.K. decided to rob C.G. after he refused to go through with the drug deal and that Akis pointed the handgun at C.G. while C.G. was following them after the robbery. C.G. testified regarding Akis's involvement in the robbery. D.K., on the other hand, testified that Akis was present for the drug sale meeting with C.G. but was not involved in the robbery. D.K. maintained that he alone robbed C.G. and that Akis was not in the vehicle while C.G. was being robbed. But D.K. admitted that he pleaded guilty to aiding and abetting aggravated robbery and swore under oath at the plea hearing that both he and Akis committed the robbery. Akis testified that he was not present for

2

the meeting with C.G. The jury found Akis guilty of the charged offenses, and this appeal followed.

# D E C I S I O N

## I. Hearsay During A.J.'s Testimony

During trial, A.J. testified as follows:

> A.J.: Mr. Akis and [D.K. were] discussing like should we rob him.
> . . . .
> PROSECUTOR: What was being discussed?
> A.J.: Should they rob him or not.
> PROSECUTOR: Who was having that conversation?
> A.J.: Mr. Akis and [D.K.]

Defense counsel objected to this testimony as containing hearsay, and the district court overruled the objection based on the "[c]o-conspirator exception." Akis argues on appeal that this testimony contained inadmissible and prejudicial hearsay.

"Evidentiary rulings rest within the sound discretion of the [district] court and will not be reversed absent a clear abuse of discretion." *State v. Carridine*, 812 N.W.2d 130, 141 (Minn. 2012) (quotation omitted). On appeal, the appellant has the burden to establish that the district court abused its discretion and that he was thereby prejudiced. *State v. Griffin*, 834 N.W.2d 688, 693 (Minn. 2013).

"Hearsay" is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Minn. R. Evid. 801(c). Hearsay is admissible only under certain circumstances. Minn. R. Evid. 802. The district court determined that A.J.'s testimony was admissible because she testified as to statements made by a co-conspirator of Akis. A statement is not hearsay if

3

it is offered against a party and is "a statement by a coconspirator of the party." Minn. R. Evid. 801(d)(2)(E).

> In order to have a coconspirator's declaration admitted, there must be a showing, by a preponderance of the evidence, (i) that there was a conspiracy involving both the declarant and the party against whom the statement is offered, and (ii) that the statement was made in the course of and in furtherance of the conspiracy. In determining whether the required showing has been made, the Court may consider the declarant's statement; provided, however, the declarant's statement alone shall not be sufficient to establish the existence of a conspiracy for purposes of this rule. The statement may be admitted, in the discretion of the Court, before the required showing has been made.

*Id.*

Akis first argues that A.J.'s testimony was inadmissible because the district court failed to make explicit findings on the requirements for the admission of a co-conspirator's declaration. But this court has previously stated that "[n]o Minnesota caselaw directly requires the district court to state in writing or on the record its finding that the requisite showings have been made under rule 801(d)(2)(E)." *State v. Alvarez*, 820 N.W.2d 601, 620 (Minn. App. 2012) (noting that the rules of evidence and caselaw state in other contexts when explicit findings are required), *aff'd on other grounds*, 836 N.W.2d 527 (Minn. 2013).

Akis further argues that the state did not show that a conspiracy existed between Akis and D.K. and that D.K.'s statements were made in the course and in furtherance of the conspiracy. A conspiracy is an agreement between two or more persons to commit a crime in combination with an overt act by one or more of the conspirators in furtherance

4

of the agreement. Minn. Stat. § 609.175, subd. 2 (2014); *see State v. Hatfield*, 639 N.W.2d 372, 376 (Minn. 2002) (stating that the existence of a conspiracy does not require a formal agreement and may be inferred from the evidence); *State v. Burns*, 215 Minn. 182, 189, 9 N.W.2d 518, 521 (1943) (stating that a formal agreement is not required to establish a conspiracy and that conspiracy may be proved by circumstantial evidence of a common purpose). A.J. testified that C.G. initially exited Akis's vehicle after refusing to go through with the drug deal, that Akis and D.K. discussed whether to rob C.G., and that Akis then invited C.G. to reenter the vehicle. A.J. further testified that D.K. pointed a gun at C.G. and demanded his money while Akis searched and stole from C.G.'s vehicle. C.G. testified that D.K. locked him in the vehicle and robbed him at gunpoint while Akis searched C.G.'s vehicle and took the keys from the ignition. And D.K. admitted that he swore under oath at his plea hearing that both he and Akis committed the robbery. This evidence establishes that Akis and D.K. conspired to rob C.G. and to steal from his vehicle and that their discussion just prior to committing robbery was made during the course and in furtherance of the conspiracy. The district court did not abuse its discretion by admitting A.J.'s testimony under rule 801(d)(2)(E).

## II.    Hearsay During Sergeant Jeffrey's Testimony

During trial, Sergeant Jeffrey of the St. Paul Police Department testified that he interviewed A.J. after the robbery. Sergeant Jeffrey testified about the interview as follows:

> JEFFREY:  . . . When [C.G.] first got out of the vehicle it was then discussed that they would rob him. And that's when they asked him to get back into the vehicle.

> PROSECUTOR: Who did [A.J.] indicate was their idea to rob [C.G.]?
>
> JEFFREY: Mr. Akis.

There was no objection to this testimony. Akis argues on appeal that this testimony contained inadmissible hearsay by A.J. that it was Akis's idea to rob C.G. He further argues that the unobjected-to admission of this testimony was plain error that affected his substantial rights.

"On appeal, an unobjected-to error can be reviewed only if it constitutes plain error affecting substantial rights." *State v. Ramey*, 721 N.W.2d 294, 297 (Minn. 2006) (citing Minn. R. Crim. P. 31.02). "An error is plain if it is clear or obvious; this means an error that violates or contradicts case law, a rule, or an applicable standard of conduct." *State v. Mosley*, 853 N.W.2d 789, 801 (Minn. 2014). An error affected the appellant's substantial rights if it "was prejudicial, meaning that there is a reasonable likelihood that the error had a significant effect on the jury's verdict." *State v. Vang*, 847 N.W.2d 248, 261 (Minn. 2014). "[O]rdinarily, a [district] court's failure to sua sponte strike or instruct is not reversible error." *State v. Vick*, 632 N.W.2d 676, 687 (Minn. 2001).

Akis contends that A.J.'s out-of-court statement was used to prove the truth of the matter asserted and that there is no applicable exception to permit the admission of this hearsay. But because Akis failed to object to Sergeant Jeffrey's testimony, the state did not have an opportunity to argue that A.J.'s statement was not offered to prove the truth of the matter asserted, was not hearsay, or was admissible under an exception to the hearsay rule. The supreme court has stated:

> The number and variety of exceptions to the hearsay exclusion make objections to such testimony particularly important to the creation of a record of the [district] court's decision-making process in either admitting or excluding a given statement. The complexity and subtlety of the operation of the hearsay rule and its exceptions make it particularly important that a full discussion of admissibility be conducted at trial.

*State v. Manthey*, 711 N.W.2d 498, 504 (Minn. 2006) (concluding that unobjected-to statements were not "clearly or obviously inadmissible hearsay" when "the state was not given the opportunity to establish that some or all of the statements were admissible under one of the numerous exceptions to the hearsay rule"). We similarly conclude that the district court's failure to sua sponte strike Sergeant Jeffrey's testimony did not constitute clear or obvious plain error.[1]

**Affirmed.**

---

[1] Akis raises two more arguments pro se. He first makes an argument regarding the proper order of sentencing for the aggravated-robbery and firearm-possession offenses. We note that this argument was raised to the district court and resolved in Akis's favor at sentencing. Akis also challenges the credibility of C.G.'s trial testimony. "Assessing the credibility of a witness and the weight to be given to a witness's testimony is exclusively the province of the jury." *State v. Mems*, 708 N.W.2d 526, 531 (Minn. 2006).